**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CHRISTINA SUE GERMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-11-836-R** |
| | ) | |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Plaintiff filed this action seeking review of the decision of the Commissioner denying her request for disability insurance benefits. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On June 21, 2012, Judge Purcell issued a Report and Recommendation wherein he recommended that the decision of the Commissioner be affirmed. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation.

Plaintiff raises two issues in her challenge to the Commissioner's decision. She argues the administrative law judge erred at step five of the administrative process because he relied on the Medical-Vocational Guidelines ("Grids") to find that she was not disabled, which he was not entitled to do because she suffers from non-exertional impairments, specifically pain and the need to elevate her leg. She further argues that the administrative law judge erred in his credibility analysis, specifically with regard to her pain and the need to elevate her leg. Having conducted the requisite *de novo* review, the Court finds as

follows.

The Medical–Vocational Guidelines, "the grids," were implemented to assist with the administrative law judge's burden at step five of the sequential process. *See* 20 C.F.R. Pt. 404, Subpt. P, App.2. "The grids are matrices of the 'four factors identified by Congress—physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy.'" *Daniels v. Apfel*, 154 F.3d 1129, 1132 (10th Cir.1998) (quoting *Heckler v. Campbell*, 461 U.S. 458, 461–62 (1983). The use of the grids is not appropriate unless the administrative law judge finds "(1) that the claimant has no significant nonexertional impairment, (2) that the claimant can do the full range of work at some RFC level on a daily basis, and (3) that the claimant can perform most of the jobs in that RFC level." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir.1993). "[A]n ALJ may not rely conclusively on the grids unless he finds ... that the claimant has no significant nonexertional impairment." *Id.* at 1488.

In assessing Plaintiff's allegations of pain, the administrative law judge concluded that although Plaintiff had pain-causing impairments, the limitations were not as severe as she argued and did not preclude her from performing sedentary work. The administrative law judge noted Plaintiff's complaints of pain and stated that his conclusion that she could perform sedentary work "addresses the claimant's complaints of pain." Although Plaintiff's treating physician Dr. Craven indicated that she had a permanent disability, he did not opine that she could not work, rather he imposed a twenty-pound lifting restriction. He did not

indicate that she could not walk, sit or stand. The Court has reviewed the administrative law judge's decision and the administrative record and concludes that Judge Purcell did not err in his conclusion that the administrative law judge properly determined that Plaintiff did not suffer from back pain that had more than an insignificant impact on her ability to work.[1]

Plaintiff also complains that the administrative law judge could not rely on the grids because she testified that as a result of deep vein thrombosis she needed to keep her leg elevated. The administrative law judge noted, however, that no treating physician had ever indicated any such limitation, and the record indicates that following treatment with prescription medications that Plaintiffs leg swelling diminished. The Court concludes the the administrative law judge's decision in this regard is supported by substantial evidence.

Finally, Plaintiff contends the administrative law judge erred in relying on her minimal activities of daily living in assessing her credibility. The Court concludes, however, that although he cited to Plaintiff's activities of daily living, that his conclusion regarding her credibility and the extent of her abilities in light of her impairments did not rely entirely on Plaintiff's activities of daily living. The administrative law judge noted that the Plaintiff had limitations with regard to her activities of daily living, although she was able to perform some household tasks, and her concentration and ability to engage in game playing and interaction with her children was not largely affected by her complaints. Tr. 18. The administrative law judge's assessment of Plaintiff's residual functional capacity was not

[1] Dr. Remondino opined that Plaintiff could not lift more than ten pounds, the limitation the administrative law judge subscribed to her.

entirely dependent on Plaintiff's activities of daily living, contrary to Plaintiff's contentions.

Accordingly, the Report and Recommendation is hereby adopted, with the exception of the finding at p. 4 that Plaintiff stated she "walked with her daughters." Plaintiff's testimony at the hearing that she walked with her daughters was in response to an inquiry about what she could not longer do as a result of her injury and pain, and the administrative law judge did no include this activity in her activities of daily living. In all other respects, the Report and Recommendation is adopted. The decision of the Commissioner is affirmed.

IT IS SO ORDERED this 16th day of August, 2012.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**